UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 15-213 |
| DARION TINSON | SECTION: "A" |

**ORDER AND REASONS**

Before the Court is a **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 56)** filed by defendant Darion Tinson, proceeding pro se. The Government filed its response to Tinson's motion on November 15, 2017, and on January 2, 2018, Tinson filed his reply. After due consideration the Court finds that 1) Tinson has not carried his burden under the applicable test for ineffective assistance of counsel, and 2) Tinson is not entitled to an evidentiary hearing. Consequently, Tinson's motion is DENIED.

**I.   BACKGROUND**

On August 20, 2015, law enforcement officers executed a search warrant at 2444 Odin Street, in New Orleans, Louisiana, where Tinson had been residing with a female. Drugs, a scale, cash, and a firearm were found during the search. In particular, agents located approximately 2 ounces of suspected heroin in a man's shoe in the master bedroom. Agents also located a stolen semi-automatic pistol in close proximity to the suspected heroin. (Rec. Doc. 45, Factual Basis at 1). After being advised of his *Miranda* rights, Tinson admitted that he had clothes in the master bedroom but he denied ownership

of the heroin and the pistol. DEA chemists later confirmed that the drug was in fact heroin. (*Id.* at 3).

After the female was advised of her rights and questioned,[1] Tinson stated to agents that he wished to talk with them again. Agents again advised Tinson of his *Miranda* rights, and in a recorded interview, Tinson admitted that the heroin in the shoe was his, and that the handgun discovered in the bedroom belonged to him. (*Id.*). Tinson stated that he had purchased the handgun a few days prior for $200 from an unknown individual on the street, and had placed the heroin in the shoe approximately 1 week before. *Id.* He also stated that marijuana, a scale, and the cash discovered in a nightstand in the bedroom belonged to him. (*Id.*).

On July 22, 2016, Tinson pleaded guilty to Counts 2 and 3 of the Indictment charging possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). Tinson was sentenced to imprisonment for a term of 90 months, which comprised 30 months as to Count 2, and 60 months as to Count 3, to be served consecutively to the sentence imposed on Count 2. (Rec. Doc. 52, Judgment). Counts 1 and 4 were dismissed as part of the plea agreement.[2]

Initially, Tinson was represented by First Assistant Federal Public Defender Gary Schwabe, but on March 17, 2016, Tinson filed a motion to remove counsel in which he

---

[1] The female was charged separately in another federal criminal case.

[2] The foregoing proceedings took place before former United States District Judge Kurt D. Engelhardt, who now sits as a circuit judge on the Fifth Circuit Court of Appeals.

claimed that his right to counsel was being violated because Schwabe was working to help the Government. (Rec. Doc. 28). Schwabe then moved to withdraw and to have new counsel appointed for Tinson. (Rec. Doc. 29). That motion was granted and former United States Attorney Eddie Jordan was appointed to represent Tinson. (Rec. Doc. 30). Jordan represented Tinson at the re-arraignment and sentencing.

Tinson now moves to vacate and set aside his conviction and sentence claiming that he received ineffective assistance of counsel that rendered his plea involuntary . Tinson has submitted a declaration stating that on different occasions he told both Schwabe and Jordan that he had not "physically possessed" the firearm or the drugs seized at 2444 Odin Street, and that he did not believe that he had been charged properly. According to Tinson, both attorneys advised him that there was nothing they could do because he had already made a statement claiming the drugs and the gun. (*Id.* ¶ 4). Tinson claims that neither lawyer advised him that he could move to suppress the inculpatory statement, and had he been so advised, he would have persisted in his plea of not guilty and proceeded to trial. (*Id.* ¶ 5). Even if the motion to suppress had been denied, Tinson states that he would have proceeded to trial nonetheless, and taken the stand to contest his statement and explain that he had never possessed the gun and drugs seized at 2444 Odin Street. (*Id.* ¶ 6).

II.     DISCUSSION

Section 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court." *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (quoting *Kuhn v. United States*, 432 F.2d 82, 83 (5th Cir. 1970)). The statute establishes that a prisoner in custody

under a sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.* (quoting 28 U.S.C. § 2255). Where there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

Before deciding whether to plead guilty, a defendant is entitled to "the effective assistance of competent counsel." *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (quoting *McMann v. Richardson,* 397 U.S. 759, 771 (1970); *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). To prevail on an ineffective assistance of counsel claim related to a guilty plea, the petitioner must satisfy the two-part test enunciated in *Strickland v. Washington*. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Grammas*, 376 F.3d at 436 (citing *Strickland*, 466 U.S. at 687). That standard requires that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *Id.* (quoting *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).

The second showing that the petitioner must make is that he was prejudiced by counsel's substandard performance. *Grammas*, 376 F.3d at 436. "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Conley*, 349 F.3d at 841-42). An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of

the proceeding would not have been different had the attorney raised the issue. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (citing *Williams v. Collins,* 16 F.3d 626, 634–35 (5th Cir.1994); *United States v. Victoria,* 876 F.2d 1009, 1012 (1st Cir.1989) (Breyer, J.)). If the defendant makes an insufficient showing on either one of the two prongs of the *Strickland* test the court need not address the other. *Powell v. Owens*, 43 F.3d 670 (5th Cir. 1994) (not published) (citing *Strickland*, 466 U.S. at 697).

A district court may deny a § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Arguellas*, 78 Fed. Appx. 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)). In those cases, however, where the record does not conclusively negate a prisoner's entitlement to relief, contested fact issues may not be decided on affidavits alone. *Id.* (citing *Owens v. United States*, 551 F.2d 1053, 1054 (5th Cir. 1977)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. United States*, 575 F.2d 515 (5th Cir. 1978)).

Tinson can satisfy neither of the *Strickland* prongs for ineffective assistance of counsel. Neither Schwabe's nor Jordan's performance fell below an objective standard of reasonableness by failing to advise Tinson that a motion to suppress the inculpatory statement was an option. Tinson points to no basis whatsoever to challenge the legality of the recorded statement wherein he admitted ownership of the heroin and gun. Tinson does not dispute that he specifically requested a second interview with the agents and that he

was advised of his *Miranda* rights before he made any inculpatory statements. Because the district judge would have had no legal basis to exclude the recorded statement from trial, it is beyond cavil that any motion to suppress would have been denied. Counsel were not ineffective for failing to advise Tinson about the possibility of filing a meritless motion to suppress.[3] And because a motion to suppress would have been denied, Tinson cannot demonstrate prejudice from counsel's performance.

Moreover, Tinson's assertion that even if the motion to suppress had been denied, he would have proceeded to trial nonetheless, and taken the stand to explain that he had never possessed the gun and drugs seized at 2444 Odin Street, (Rec. Doc. 56 at 32, Declaration ¶ 6), does not demonstrate prejudice. Tinson was advised at his re-arraignment that he had the right to persist in his plea of not guilty and to proceed to trial and he unequivocally indicated that he understood the waiver of rights that the district judge was explaining to him. (Rec. Doc. 58-1, Re-arraignment Transcript). If Tinson had really wanted to proceed to trial and explain to the jury that he did not have physical possession of the drugs and gun,[4] the fact that no motion to suppress had been filed would have been no

---

[3] Again, because there was no legitimate argument to be made in support of a motion to suppress, Tinson's § 2255 argument is just as meritless as it would have been if he had faulted his counsel for failing to advise him that he could have filed a motion to dismiss the indictment. In other words, there are numerous motions that can be filed in a criminal case but the fact that they exist and can be filed does not mean that they are appropriate under any given set of facts or that they have any chance of success. Counsel is not ineffective for failing to file a completely meritless motion.

[4] Of course, this course of action would have been ill-advised. As the district judge explained during the plea colloquy, "possession" for purposes of the drug and gun charge could be constructive and joint, and the jury would have been so instructed at trial. Given that Tinson had admitted during the recorded statement that the gun and heroin belonged to him, and given that this statement would have been admitted at trial, possession would have been established. Underlying Tinson's motion is the faulty legal premise that he had to be caught in physical possession of the heroin and firearm in order to have possessed them for purposes of the crimes charged.

impediment to taking that course of action.

Finally, no evidentiary hearing is necessary because the motion and the files and records of the case conclusively show that Tinson is entitled to no relief.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 56)** filed by defendant Darion Tinson is **DENIED;**

**IT IS FURTHER ORDERED** that the **Motion to Set Deadline for Reply (Rec. Doc. 59)** filed by defendant Darion Tinson is **DENIED AS MOOT.**

October 30, 2018

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE