UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 15-213 |
| DARION TINSON | SECTION: "A" |

**ORDER & REASONS**

Before the Court is Defendant Darion Tinson's **Motion for Early Termination of Probation (Rec. Doc. 73)**.[1] For the following reasons, the motion is denied.

**I.   Background**

On August 20, 2015, law enforcement officers executed a search warrant at 2444 Odin Street, in New Orleans, Louisiana, where Tinson was residing with a woman. Drugs, a scale, cash, and a firearm were found during the search. In particular, agents located approximately 2 ounces of suspected heroin in a men's shoe in the master bedroom. A stolen semi-automatic pistol was also located in close proximity to the suspected heroin.[2] After being advised of his *Miranda* rights, Tinson admitted that he owned certain clothes found in the master bedroom, but he denied ownership of the heroin and the pistol. DEA chemists later confirmed that the drug was in fact heroin.[3]

After the woman with Tinson was advised of her rights and questioned,[4] he stated to the agents that he wished to talk with them again. They again advised Tinson of his *Miranda* rights and, in a recorded interview, Tinson admitted that the heroin in the shoe was his and that the handgun discovered in the bedroom belonged to him.[5] He ultimately explained (i) that the handgun was purchased a few days prior from an unknown individual on the street, and (ii) that

---

[1] Defendant erroneously referred to his term of supervised release as probation.

[2] Rec. Doc. 45, Factual Basis at 1.

[3] *Id.* at 3.

[4] The woman was charged separately in another federal criminal case.

[5] *Id.*

he placed the heroin in the shoe approximately 1 week prior to the search warrant's execution.[6] He also stated that the marijuana, scale, and cash discovered in a bedroom nightstand belonged to him.[7]

On July 22, 2016, Tinson pleaded guilty to Counts 2 and 3 of the Indictment charging possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). He was sentenced to imprisonment for a term of 90 months, which comprised 30 months as to Count 2, and 60 months as to Count 3, to be served consecutively to the sentence imposed on Count 2.[8] Counts 1 and 4 were dismissed as part of the plea agreement.[9]

On March 13, 2025, Tinson, proceeding *pro se*, filed the instant Motion for Early Termination of Probation.[10] The motion notes that Tinson has (i) served over half of his term of supervised release, (ii) maintained steady employment, (iii) completed certain programs required as special conditions of his supervised release, and (iv) served as a "positive pillar to [his] community."[11] The United States Probation Office acknowledged Tinson's compliance with the terms of his supervised release, but opposed his motion based on the violent nature of his offense.

## II.   Law & Analysis

A district court may terminate a term of supervised release at any time after one year of the term has been served if, after considering the factors listed in 18 U.S.C. § 3553(a),[12] "it is satisfied

---

[6] *Id.*

[7] *Id.*

[8] Rec. Doc. 52, Judgment.

[9] The foregoing proceedings took place before former United States District Judge Kurt D. Engelhardt, who now sits as a circuit judge on the United States Court of Appeals for the Fifth Circuit.

[10] Rec. Doc. 73.

[11] *Id.*

[12] These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need to deter criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and sentencing range established; pertinent policy statements by the Sentencing Commission; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to any victims of the offense.

that such an action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). District courts enjoy broad discretion in determining whether to terminate supervised release, but "[c]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." *United States v. Smith*, No. 10-cr-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). Rather, "early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *Id.*; *see also United States v. Hayes*, No. 01-CR-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying early termination because defendant was "merely abiding by the terms of his supervised release, which is the expectation for all defendants"); *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013) ("Generally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required.").

In light of the relevant factors listed in 18 U.S.C. § 3553(a), the Court declines to order early termination of Mr. Tinson's supervised release. Tinson has served just under three years of his five-year term of supervised release. Granting such an early termination would not be conducive to deterring future criminal conduct by Mr. Tinson. Further, he has not alleged any special circumstances that would justify early termination; rather, he is "merely abiding by the terms of his supervised release" by foregoing criminal activity, participating in treatment programs, submitting to drug and alcohol testing, and maintaining full-time employment. *Jones*, 2013 WL 2417927, at *1. And while Mr. Tinson's achievements are certainly laudable, they do not constitute circumstances that warrant early termination of his supervised release. *See Hayes*, 2013 WL 5328874, at *1 (denying early termination of a former inmate's supervised release when he was incarcerated for conspiracy to distribute cocaine but complied with the terms of supervised release by starting a business, continuing a successful marriage, and avoiding criminal activity).

Accordingly;

**IT IS ORDERED** that Defendant's **Motion for Early Termination of Probation (Rec. Doc. 73)** is **DENIED**.

April 24, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE